IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AARON DEROO,

                                                                                 ORDER

                       Petitioner,

                                                                                09-cv-247-bbc

     v.

CAROL HOLINKA, Warden FCI Oxford,

                       Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Aaron DeRoo, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and paid the $5.00 filing fee.

       Petitioner contends that prison officials violated his right to due process by failing to timely produce written records of a disciplinary hearing at which petitioner lost good-time credit, failing to inform petitioner of his right to appeal his loss of good-time credit and finding him guilty on the basis of faulty incident reports. Petitioner seeks expungement of all incident reports and reinstatement of the 201 days of good-time credit he lost at disciplinary hearings held between February 2000 and May 2005.

       I cannot reach the merit of petitioner's petition at this time because he has failed to

1

plead the grounds for his claim of constitutional error with sufficient particularity. Habeas Corpus Rule 2(c) of the Rules Governing both Section 2254 and Section 2255 cases requires that a petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." (Rule 1(b) of these same rules allows district judges to apply these rules to habeas corpus proceedings like this one, brought under 28 U.S.C. § 2241.) Unlike typical civil claims, notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error. Mayle v. Felix, 545 U.S. 644, 655 (2005) (citing Habeas Corpus Rule 4 advisory committee's notes); see also Habeas Corpus Rule 2(c), advisory committee's note ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . .") "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the [government] should be ordered to 'show cause why the writ should not be granted.'" Mayle, 545 U.S. at 655. Therefore, petitioner must clearly set out the facts that form the basis of the constitutional error he alleges.

In this case, petitioner's petition does not give respondent sufficient information regarding the grounds for the habeas challenge. I understand petitioner to be claiming that respondent violated his right to due process under the Fifth Amendment. Although the Fifth Amendment's due process clause provides federal inmates with certain minimum procedural

2

safeguards, it does not create a right to procedural perfection. When the loss of good-time credit is a possible sanction, an inmate must receive the following procedural safeguards in connection with prison disciplinary proceedings in order to satisfy the requirements of due process: "'(1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.'" McPherson v. McBride, 188 F. 3d 784, 785-86 (7th Cir. 1999) (quoting Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 454 (1985)).

I understand petitioner to allege that respondent violated the third prong of this standard. Petitioner describes the violation in conflicting terms stating that "no record of the [Disciplinary Hearing] proceeding was generated or delivered to the inmate"; "[Bureau of Prisons] fail[ed] to produce or deliver these reports in any sort of timely manner so as to give the inmate a record with which to appeal or to give the court a record to review"; and "nor did the [Disciplinary Hearing Officer] or [Bureau of Prisons] ever produce ANY written statement 'ordinarily within 10 days of the [Disciplinary Hearing Officer's] decision' as required by 28 CFR § 541.17(g)." However, it is unclear exactly what respondent failed to do. Did respondent fail to provide any written statement that explained the reasons for the disciplinary action and the evidence on which the decision was made? Did respondent merely fail to provide the statement in a "timely" manner? If the reports were not provided

3

in a "timely" manner, how late did petitioner receive the reports?

Whether petitioner never received a written statement of the disciplinary hearing officer's decision or received the statement late makes a difference for the purpose of due process. If petitioner never received any record from the hearing before the disciplinary hearing officer that included the evidence relied upon, the decision, and the reasons for the actions taken, then petitioner has identified a possible violation of his right to due process. However, if petitioner merely received the record later than the "ten days" discussed in the Code of Federal Regulations for "Procedures before the Discipline Hearing Officer," 28 C.F.R. § 541.17(g), petitioner has not necessarily identified a due process violation. The language cited by petitioner in the Code does not require that reports be produced within ten days; instead, it simply suggests the time line in which a report should be produced. As mentioned above, due process does not require procedural perfection. The fact that a report may be issued later than ten days from the hearing does not give rise to a due process violation *unless* the report is issued so late as to make an appeal of the decision impossible. I cannot tell from the petition whether petitioner never received a written statement or merely received a late one.

In addition, petitioner contends that the incident reports he received regarding his disciplinary infractions did not advise him of his "appellate rights." Again, it is unclear what petitioner is saying. Does he mean that the incident report failed to inform him that he

4

could appeal the decision reached by the disciplinary hearing officer? Incident reports inform inmates about the charges against them and about their rights before either the Unit Disciplinary Committee or Disciplinary Hearing Officer. 28 C.F.R. § 541.15. There is no requirement in federal law that the incident report inform petitioner of his right to appeal because an incident report is not a "decision." Perhaps petitioner means that the incident report failed to inform him that he could have a staff representative or witnesses present at the disciplinary hearing, 28 C.F.R. § 541.15(i). If so, then petitioner might have ground for a due process violation. Due process requires that an inmate have a meaningful opportunity to defend himself. The failure to inform him of his rights before the disciplinary hearing officer would deprive him of a meaningful hearing.

Because petitioner's petition fails to clearly describe the factual basis of his claims, I will him petitioner the opportunity to supplement his petition with additional facts regarding:

(1) whether petitioner received any report containing a summary or an explanation of the decision for the hearings conducted before the disciplinary hearing officer on incident reports IR#793334, IR#828192, IR#861142, IR#876026, IR#885440, IR#1025895 and IR#1347448;

(2) if petitioner did receive a report for any of the hearings, when he received those reports;

5

>   (3) whether petitioner was able to appeal any of the decisions by the disciplinary hearing officer and if not, why; and
>
>   (4) what does petitioner mean by his statement that the incident report failed to inform him of his "appellate rights."

When drafting his supplement, petitioner should list each incident report and describe what happened with respect to <u>each</u> incident report. If petitioner fails to submit additional facts regarding this question, I will dismiss his petition because the facts he has alleged are insufficient to give notice of the factual basis for his petition.

6

ORDER

IT IS ORDERED that petitioner Aaron DeRoo may have until July 13, 2009, in which to supplement his petition for a writ of habeas corpus as described above. If petitioner fails to submit a supplement by July 13, 2009, the clerk of court is ordered to dismiss his petition and close this case.

Entered this 23rd day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge