IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AARON DeROO,                                         OPINION and
ORDER
                 Petitioner,

                                                            09-cv-247-bbc

    v.

CAROL HOLINKA, Warden,

                 Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Aaron DeRoo is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. In this habeas corpus action brought pursuant to 28 U.S.C. § 2241, petitioner contends that prison officials at the Federal Correctional Institution in Terre Haute, Indiana, violated his constitutional right to due process by failing to provide him with written records of eight disciplinary hearings at which he lost good-time credits and by depriving him of his right to appeal the disciplinary decisions. Petitioner is asking for reinstatement of the 201 days of good-time credits he lost at these disciplinary hearings and expungement from his record of the related incident reports.

       In an order dated September 21, 2009, I screened the verified petition and determined from the facts petitioner had asserted that he had not received written

1

disciplinary hearing officer reports from eight disciplinary hearings held between February 2000 and June 2005 at which he lost good-time credits. I also determined that because petitioner never received a summary of the disciplinary hearings, he was never informed of his right to appeal and that he never attempted to appeal any of the decisions until 2008, after trying and failing to obtain copies of the reports through the Freedom of Information Act. On the basis of these factual averments, I ordered respondent to show cause why the petition should not be granted. The government has responded as directed and petitioner has filed a traverse.

From the developed record, I conclude that the undisputed facts show that petitioner was not given reports of the disciplinary hearings until August 30, 2009. Respondent has now provided copies of all eight hearing officer reports to petitioner and has informed him of his right to appeal. Because the evidence shows that petitioner has the opportunity to appeal the disciplinary decisions at this time, his constitutional right to due process was not violated. Thus, his habeas petition can be dismissed. From the petition, response and traverse, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

Petitioner Aaron DeRoo is presently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin. Respondent Carol Holinka is warden of the institution.

Between February 2000 and June 2005, while petitioner was incarcerated at the Terre Haute Correctional Institution, he received incident reports #753643, #793334, #828192, #861142, #876026, #885440, #1025895 and #1347448 for violating the prison disciplinary code. For each alleged infraction, disciplinary hearings were held, petitioner was found guilty of violating the prison disciplinary code and penalized with a loss of 201 days of good-time credit.

The disciplinary hearing officer who conducted the disciplinary hearings on the eight incident reports prepared a written record of the disciplinary proceedings. Although the reports were generated, the disciplinary hearing officer did not give copies of them to petitioner. (It is disputed whether petitioner asked the hearing officer directly for the reports). In addition, petitioner was not advised of his right to appeal.

On April 27, 2008, petitioner filed a series of Freedom of Information Act requests seeking to obtain the "disciplinary hearing officer report receipts" for the eight incident reports. However, because petitioner never received a copy of the reports, the receipts he sought did not exist. On May 23, 2008, petitioner was informed that no such documents existed.

On June 23, 2008, petitioner filed a new Freedom of Information Act request asking for the hearing officer reports themselves from the eight disciplinary hearings. On July 15, 2008, the Federal Bureau of Prisons Regional Office responded that because it had a backlog

3

of Freedom of Information Act requests, it would be unable to process the request until August 20, 2008. On August 5, 2008, petitioner requested an explanation for the delay. On October 28, 2008, the Regional Office closed petitioner's file. (It is disputed whether the Regional Office closed petitioner's file because it mistakenly believed petitioner had submitted a duplicate request, or whether it was intentionally trying to prevent petitioner from obtaining the disciplinary hearing officer reports). Petitioner appealed the denial of his Freedom of Information Act request and that appeal is pending.

In December 2008 and January 2009, petitioner attempted to appeal the decisions of the eight disciplinary proceedings through the prison grievance process, but his appeals were dismissed as untimely. Petitioner then filed this petition for writ of habeas corpus on April 22, 2009. On August 30, 2009, the Bureau of Prisons provided petitioner the eight disciplinary hearing officer reports at issue. (In his traverse, petitioner disputes having received the disciplinary hearing officer report for incident #753643. However, this report is in the record at dkt. #12-2). Respondent told petitioner that he can appeal the eight disciplinary decisions in which petitioner lost good-time credits. Under 28 C.F.R. § 542.14(a), a prisoner must normally appeal a disciplinary hearing decision within 20 days of receiving the disciplinary hearing officer's written report. However, respondent has agreed to extend petitioner's time in light of the large number of reports petitioner may choose to appeal.

4

DISCUSSION

Under 28 U.S.C. § 2241, a district court is authorized to grant relief to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." Petitioner asserts that he is in custody in violation of his due process rights under the Fifth Amendment.

Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, when a prison disciplinary proceeding may result in the loss of good-time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 454 (1985); McPherson v. McBride, 188 F. 3d 784, 785-86 (7th Cir. 1999).

Petitioner alleges that he was denied the minimum due process right of a "written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action," because prison officials failed to issue any written statement indicating the evidentiary basis or reasoning for the denial of his good-time credits for incident reports

5

issued between February 2000 and June 2005. Petitioner contends that the hearing officers' reports were intentionally withheld and frustrated his right to appeal.

Although the Fifth Amendment's due process clause provides federal inmates certain minimum procedural safeguards, it does not create a right to procedural perfection. It is unfortunate that prison officials waited until August 2009, between four and nine years after the disciplinary hearings at issue took place, to provide petitioner the copies of the disciplinary hearing officer reports. However, the appropriate relief for this delay is not restoration of good-time credits, because this procedural delay does not necessarily imply that revocation of petitioner's good-time credits was invalid. Spencer v. Kemna, 523 U.S. 1, 17 (1998) (citing Edwards v. Balisok, 520 U.S. 641, 649-50 (1997) (Ginsburg, J., concurring) (failure of prison official "to specify what facts and evidence supported the finding of guilt . . . . would not necessarily imply the invalidity of the deprivation of [a prisoner's] good-time credits"). The appropriate relief in this situation is to provide petitioner copies of the disciplinary hearing officer reports and an opportunity to appeal his loss of good-time credits. Respondent has already provided this relief.

Petitioner argues that any appeals at this time would be useless because the alleged infractions and the disciplinary hearings occurred long ago at a different institution. Thus, plaintiff argues that even if any of his appeals were successful and respondent grants him a new hearing, the hearing would be meaningless because the witnesses and relevant evidence

6

no longer exist. However, until plaintiff appeals the disciplinary hearing officers' decisions, I cannot determine whether petitioner's attempt to appeal will be meaningless or whether he has suffered any prejudice at all as a result of the delay in providing the disciplinary hearing reports. At this stage, the arguments petitioner raises regarding future appeals and hearings are not ripe. Thus, I conclude that because petitioner has now received the written reports for the disciplinary hearings at issue and he can appeal his loss of good-time credits, petitioner has received all the process he was due. No relief under § 2241 is warranted on this petition for writ of habeas corpus.

## ORDER

IT IS ORDERED that:

1. Aaron DeRoo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED for petitioner's failure to show that he is in custody in violation of the Constitution or laws of the United States.

2. The clerk of court is directed enter judgment for respondent Carol Holinka and close this case.

Entered this 21st day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

Case: 3:09-cv-00247-bbc   Document #: 15   Filed: 10/22/09   Page 8 of 8